ANDREWS v. CASE.

[See Andrews v. Spear, Cases Nos. 379 and 380.]

## Case No. 372.

### ANDREWS et al. v. DENSLOW et al.

[14 Blatchf. 182; 2 Ban. & A. Pat. Cas. 587.][1]

Circuit Court, E. D. New York. April 5, 1877.

EQUITY PRACTICE—DECREE PRO CONFESSO—SETTING ASIDE—LACHES.

In a suit in equity on a patent, a preliminary injunction was granted, on notice and without opposition. Afterwards a decree pro confesso was entered, and a reference ordered, which was commenced, and witnesses were examined, and the defendants produced their accounts and attended by counsel. Afterwards they moved to set aside the decree and for leave to file an answer, alleging matters which had been set up in a prior suit on the patent and overruled by the court, and sundry new matters. No mistake or misapprehension or neglect of counsel was alleged. The plaintiffs offered to limit their recovery to $500, which would be less than the expense to the defendants of trying the issues. The defendants had ceased to use the patented invention: Held, that the motion must be denied, on the plaintiffs stipulating to limit their recovery to $500.

[In equity. Bill by William D. Andrews and others against Walter P. Denslow and others to enjoin the infringement of patent No. 73,425, and for an accounting. Heard on defendants' motion to set aside a decree pro confesso which had been entered. Motion denied upon plaintiffs' stipulation to limit their recovery to $500.]

Tracy & Catlin, for plaintiffs.
Betts, Atterbury & Betts, for defendants.

BENEDICT, District Judge. This case comes before the court upon a motion to set aside a decree taken pro confesso. The action is founded upon the reissued patent of Nelson W. Green, dated May 9th, 1871, reissue 4,372, for what has been termed "the driven well." The action was commenced in July, 1876. A motion for an injunction was noticed for the 28th day of July, at which time no opposition was made, and the injunction was granted. On the 3d of November, a decree pro confesso was taken, no answer having been filed, which decree was regularly signed and entered on November 10th, and a reference to ascertain the amount of the damages was directed. Such reference was thereafter commenced, and several meetings were had and witnesses examined, at which meetings the defendants were represented by counsel. No application was made to set aside the decree until December following. During this period negotiations were being undertaken with a view to an agreement as to the amount of damages, in the course of which the defendants stated that they had no intention of defending the case, and ten-

[1][Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 2 Ban. & A. 587; and here republished by permission.]

dered a sum of money for the damages. Now the defendants apply to have the decree set aside, and for leave to file an answer. No excuse is presented for the omission to answer at the proper time. The statement of the defendants, that "they had no idea there was any hurry about the matter," and that "the papers were printed, and I was extremely busy at the time, and I did not pay any special attention to them, or know their exact character," shows that there is no excuse; and the facts warrant the conclusion that the decree was suffered because the defendants had then no intention of defending. The intention to defend was subsequently formed, after the decree in question had been entered, and after the reference had been proceeded with. The decree sought to be set aside was regularly entered. Rule 18 does not require special notice of an application for a decree, when no answer is filed. Besides, here, the defendants and their attorneys knew that the decree had been entered, and they actually attended upon the reference to ascertain damages, where they produced their accounts, and witnesses were examined, without objection, although they were then represented by counsel, and this without the suggestion of an intention to contest any other question save that of the amount of damages.

I do not, on this motion, consider whether the defence set up in the answer which the defendants are asking permission to file, can be successful or not. A part of the matter set up has been considered by this court in an action similar to the present, brought against Carman. and, so far as this court is concerned, that portion of the answer has been disposed of and will not be again examined here. The other part of the answer, wherein is set forth certain patents and publications that have as yet never been presented to this court, which are supposed to show a prior description of the subject-matter of this patent, doubtless contains matter as to which the decision of this court can properly be invoked, when duly presented for determination. It may, therefore, for the purposes of this motion, be assumed that the answer discloses a meritorious defence. The question presented, then, is, whether the possession of a meritorious defence gives the defendants a right to have a regular decree pro confesso set aside, without regard to other circumstances. I know of no such rule. To entitle a defendant to be relieved from such a decree there must be a meritorious defence, and it must also appear, that, as between the parties to the action, equity requires that the defendant be allowed to interpose his defence. In the present case, no such equity exists, for the reason that the plaintiffs offer to limit their recovery to the sum of $500, which, it is plain to see, is less than the expense to which the defendants would be put, in case of a trial upon the issues raised by the answer. As to the injunction, the defendants make no objection, having ceased to use the plaintiffs' patent.

This is, then, a case where the plaintiffs obtained a regular decree pro confesso, not by means of any mistake or misapprehension of facts, or neglect of counsel, but through the deliberate intention of the defendants not to defend, and where the defendants now ask to be relieved from the effects of their omission to answer, although the result of granting such relief will be of no advantage to them and a disadvantage to the plaintiffs. For, it is apparent, from the nature of the action and of the questions involved in controversy, that holding the decree will, in view of the damages asked, require of the defendants no greater outlay of money than will be required by the trial which they seek; while, if the decree be set aside, the plaintiffs will thereby be put to large expense. A trial under such circumstances would seem to be a waste of money. The legal right of every citizen to spend money in litigation is not to be doubted, but it is a right that can be abandoned. In a case like the present, equity requires it to be held that the abandonment by the defendants of their right to defend upon the merits was final, and that the plaintiffs cannot be required to surrender their decree regularly obtained and deliberately suffered. The motion is, therefore, denied, upon the plaintiffs stipulating to limit their recovery to the sum they have named, $500.

[NOTE. Patent No. 73,425. was granted to N. W. Green, January 14, 1868. reissued (No. 4.372) May 9, 1871. It has been the subject of litigation in the following cases: Andrews v. Carman, Case No. 371; Same v. Wright, Id. 382; Same v. Cross, 8 Fed. 269; Same v. Long, 12 Fed. 871; Same v. Creegan, 7 Fed. 477; Green v. Gardner, 22 O. G. 683; Andrews v. Eames, 15 Fed. 109; Green v. French, 11 Fed. 591; Andrews v. Spear, Case No. 379; Green v. Barney, 19 Fed. 420; Andrews v. Hovey, 16 Fed. 387.]